
FILED
JANUARY 23, 2008
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DARRYL BELL, PRO SE, <br> A.K.A. DARRYL WAYNE BELL, <br> A.K.A. DARRYL BROCK, <br> TDCJ-CID No. 611583, <br> Previous TDCJ-CID No. 537559, <br><br> Plaintiff, <br><br> v. <br><br> BRAD LIVINGSTON, <br> NATHANIEL QUARTERMAN, <br> BRUCE ZELLER, <br> ASSISTANT WARDEN GRIMES, <br> ASSISTANT WARDEN SLOAN, <br> MAJOR CLARK, <br> HASKINS, Classification Casemanager, <br> HOLLIGAN, Classification Supervisor, <br> CAPTAIN HOPKINS, <br> REVELL, Health Administrator, <br> PAUL, Physician Assistant, <br> Dr. DOREMAN, <br> UNIVERSITY OF TEXAS JOHN DOE <br>    MEDICAL OFFICIALS, <br> TDCJ JOHN DOE STATE <br>    CLASSIFICATION OFFICIAL, <br> ASSISTANT WARDEN McCAFFEE, <br> NFN RODEAN, Unit Warden, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | 2:07-CV-0112 |

## REPORT AND RECOMMENDATION

The instant cause was initially filed in the United States District Court for the Southern District of Texas, Houston Division, and was transferred to the United states District Court for the Northern District of Texas, Amarillo Division, on June 7, 2007.

Plaintiff DARRYL BELL, also known as DARRYL WAYNE BELL, also known as

DARRYL BROCK, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against numerous defendants employed by or connected with the Texas Department of Criminal Justice and requesting permission to proceed in forma pauperis.

Plaintiff did not sign his original complaint or his initial motion for leave to proceed in forma pauperis, both filed June 1, 2007. In response to the Notice of Deficiency Order issued by this Court on October 10, 2007, plaintiff submitted a signed motion for leave to proceed in forma pauperis, along with supporting financial disclosure.

Plaintiff's financial disclosure, submitted with his signed motion for leave to proceed in format paupers, reveals plaintiff has a balance in his inmate trust account that is more than sufficient to satisfy the district court filing fee in this cause.

Further, the Court notes that plaintiff BELL has been found to be a recreational litigant and has been sanctioned numerous times by federal district courts and by the U.S. Court of Appeals for the Fifth Circuit. Plaintiff has sustained more than the requisite three dismissals which fulfill the "three strikes" provision of the Prison Litigation Reform Act of 1995 (PLRA)[1]. When plaintiff filed the instant suit, he did not submit the necessary motion requesting permission to file nor has he informed the Court whether he satisfied all the monetary sanctions

---

[1] Under the PLRA's "three strikes" provision, a prisoner who has had three prior actions or appeals, brought during detention, dismissed as frivolous, malicious, or for failure to state a claim, is barred from further proceeding in forma pauperis in such actions, unless the case fits into the narrow exception enumerated in 18 U.S.C. § 1915(g). The Fifth Circuit has examined the PLRA and construed it to apply to all cases pending at the time of its passage, as well as those filed afterwards. *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996). A prisoner who has sustained three dismissals qualifying under the "three strikes" provision may still pursue any claim, "but he or she must do so without the aid of the i.f.p. procedures." *Id.*

pending against him.

## CONCLUSION

Because plaintiff has sufficient funds to pay the filing fee, it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that plaintiff's request to proceed in forma pauperis be denied and that the instant cause be dismissed for failure to pay the requisite filing fee.

Permission to proceed in forma pauperis is granted temporarily and solely for the purpose of allowing a Report and Recommendation to issue and be considered by the United States District Judge.

Plaintiff is advised that if he pays the $350.00 filing fee within <u>fourteen (14) days after the filing date hereof</u>, the Recommendation of dismissal based on his three-strikes status will be withdrawn.

IT IS SO RECOMMENDED.

ENTERED THIS 23rd DAY OF JANUARY 2008..

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e).

Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).