
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| DARRYL BELL, PRO SE, | § | |
| A.K.A. DARRYL WAYNE BELL, | § | |
| A.K.A. DARRYL BROCK, | § | |
| TDCJ-CID No. 611583, | § | |
| Previous TDCJ-CID No. 537559, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:07-CV-0112 |
| | § | |
| BRAD LIVINGSTON ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING PAUPER STATUS AND ORDER OF DISMISSAL**

The instant cause was initially filed in the United States District Court for the Southern

District of Texas, Houston Division and was transferred to the United States District Court for

the Northern District of Texas, Amarillo Division, on June 7, 2007.

Plaintiff DARRYL BELL, also known as DARRYL WAYNE BELL, also known as

DARRYL BROCK, while a prisoner confined in the Texas Department of Criminal Justice,

Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section

1983 complaining against multiple defendants and was granted permission to proceed *in forma*

*pauperis*.

Upon review after transfer, the Magistrate Judge issued a Notice of Deficiency giving

plaintiff thirty days in which to cure his failure to sign his original complaint and his Application

to Proceed In Forma Pauperis by submitting a signed Amended Complaint and a signed

Application.  Plaintiff did so, including another In Forma Pauperis Data Sheet showing the

history of his inmate account for the previous six month period.

On January 23, 2008, a Report and Recommendation was issued by the United States Magistrate Judge analyzing plaintiff's request to proceed in forma pauperis and recommending that plaintiff be denied pauper status because his six-month history revealed he had ample funds to satisfy the full filing fee. The Magistrate Judge also noted plaintiff's status as a recreational litigant, but did not analyze plaintiff's claims under Title 28, United States Code, section 1915(g) because plaintiff did not qualify for pauper status outside of considerations of the 1915(g) bar.

The Magistrate Judge recommended plaintiff be denied pauper status and the instant cause be dismissed without prejudice for failure to pay the requisite filing fee. Plaintiff was given a period of fourteen days in which to file his objections or pay the filing fee.

Plaintiff filed his objections on February 5, 2008. By these objections, plaintiff challenges the transfer of his complaint from the Southern District of Texas "without allowing [him] to amend it or sign it because most of the events and omissions giving rise to the claims occurred in the southern and other districts where most defendants reside[1]." The transfer of plaintiff's case is not presently at issue, only his request to proceed in forma pauperis.

Plaintiff's allegations of bias by the Magistrate Judge are without merit.

As to plaintiff's contention that he had already cured the defect by documents sent to the United States District Court for the Southern District of Texas on May 25, 2007, plaintiff neglected to inform this Court of that contention in response to the Notice of Deficiency and the record before this Court contains no support for this contention.

The Court notes the Magistrate Judge requested only a signed Application to Proceed In Forma Pauperis. Plaintiff submitted a new In Forma Pauperis Data Sheet of his own volition,

---

[1]Review of plaintiff's original complaint and his amended complaint reveals the incidents appear to have occurred primarily at the Clements Unit and that most of the defendants are identified as being at the Clements Unit.

without any prompting from the Court, and that six-month history of plaintiff's inmate trust

account showed he had more than sufficient funds to pay the full filing fee at that time and,

further, that he regularly received deposits exceeding $100.00 every other month, with other,

smaller deposits in the intervening months. In light of plaintiff's manifest ability to pay the

filing fee at the time he submitted a signed application to the Court, it is within the discretion of

the district court to dismiss the proceeding or require that the costs of litigation to date be paid

by the plaintiff in lieu of dismissal[2].

As to plaintiff's final argument that he should have been given thirty days, not the

fourteen day standard response period, in which to pay the filing fee, the Court notes the instant

dismissal is without prejudice to refiling with prepayment of the filing fee.

The Court has made an independent examination of the records in this case and has

examined the Magistrate Judge's Report and Recommendation, as well as the Objections filed by

the plaintiff.

The Court is of the opinion that the objections of the plaintiff should be OVERRULED

and the Report and Recommendation of the United States Magistrate Judge should be

ADOPTED by the United States District Court, as supplemented herein.

This Court, therefore, does OVERRULE plaintiff's objections, and does hereby ADOPT

the Report and Recommendation of the United States Magistrate Judge, as supplemented herein.

---

[2]"Because in forma pauperis status is a privilege, it follows that the privilege may be revoked when the goals of section 1915 are not being furthered." *Murphy v. Jones*, 801 F.Supp. 283, 288 (E.D.Mo 1992). The passage of the PLRA was effected, in part, "to deter frivolous prisoner litigation in courts 'by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'" *Jackson v. Stinnett*, 102 F.3d 132, 137 (5th Cir. 1996)(quoting *Leonard v. Lacy*, 88 F.3d 181, 195 (2d Cir. 1996). Thus, the goals of section 1915 were modified by passage of the PLRA to include curbing abuse of the privilege to proceed without prepayment of fees. *See*, 28 U.S.C. § 1915(g). It follows that re-evaluation of plaintiff's pauper status is appropriate where information comes to light showing he is no longer eligible to proceed in forma pauperis.

IT IS THEREFORE ORDERED that plaintiff's motion to proceed in forma pauperis is DENIED, and the instant cause is DISMISSED WITHOUT PREJUDICE TO REFILING WITH PREPAYMENT OF THE FILING FEE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff, and to any attorney of record by first class mail. The Clerk will also mail a copy to TDCJ-Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711 and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this 21st day of February, 2008.

/s/ MARY LOU ROBINSON
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE